UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Goss, #294885,<br>      Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections,<br>Lavern Cohen, United States,<br>South Carolina Department of Probation,<br>Parole, and Pardon Services,<br>State of South Carolina, China<br>      Defendants. | C/A No.  4:24-791-MGL-TER<br><br>ORDER |

  This case is before the undersigned due to Plaintiff's failure to comply with the Magistrate Judge's orders dated March 7, 2024, and April 12, 2024, for Plaintiff to file an Amended Complaint. (ECF Nos. 6, 12). In the second order, the Magistrate Judge noted:

> Plaintiff has not filed a response to the prior order in this action dated March 7, 2024. (ECF No. 6). Plaintiff has mailed other correspondence to the court which were deficient, lacked captions, and were unclear how the correspondence pertained to Plaintiff's pending actions in this federal court. Such correspondence was returned to Plaintiff by the Clerk with indication of the deficiencies. Out of an abundance of caution, Plaintiff is again directed below with the same order as the prior order.
>
> Plaintiff's recent address change notice, which was not captioned and cited a state statute as to state clerks, stated "the court have sent three case number for the same case." (ECF No. 11 at 1), Plaintiff has three actions pending in this court, No. 4:24-cv-791-MGL-TER, No. 4:24-cv-1101-MGL-TER, and No. 4:24-cv-1032-MGL(with objections due to a pending report and recommendation after Plaintiff responded to an order by filing an Amended Complaint and not a dismissal notice). If Plaintiff only intended to file one action as a "2241," pursuant to Fed. R. Civ. Proc. R. 41, Plaintiff is free to file a document with the court titled "Notice of Voluntary Dismissal" and indicate the specific case numbers Plaintiff wishes to voluntarily dismiss.

(ECF No. 12). Plaintiff then filed a Motion to Stay, which was denied as nonsensical and frivolous. In the Magistrate Judge's denial, he stated: "To the extent Plaintiff repeats his contention he should not have three cases in this court, Plaintiff has been previously instructed how to voluntarily dismiss specific cases." (ECF No. 17).

The mail in which the Orders were sent to Plaintiff's provided address has not been returned to the court. Thus, it is presumed that Plaintiff received the Orders, but has neglected to comply with them within the time permitted. The Court has not received a response from Plaintiff and the time for compliance has passed.

"The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff has failed to properly respond to the Orders within the time ordered. In a case in which there was an order for a plaintiff to amend his complaint and there was no amended complaint filed, the Fourth Circuit Court of Appeals affirmed the Rule 41 dismissal, stating that plaintiff asserted he "chose" to stand on his complaint but plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022) (unpublished) ("even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant."). Plaintiff's lack of response indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning

given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Signed this 21st day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.